## BACH v. SLIDELL.

Where, after a judgment ordering one of the parties to convey to the other one-third of the land which may be found to be contained within the limits of a confirmed land claim, the parties sign an agreement stipulating "that a survey shall be made by B., so as to cut off from the upper portion of the land the one-third thereof which, on the survey, may be found to be contained within the limits of the confirmed claim, &c., which survey, without further formality, shall serve as the basis of the conveyance which the defendant has been adjudged to make to the plaintiff," the parties will not be considered as having bound themselves to abide by any survey which B. might make, though it it should be erroneous.

APPEAL from the Fifth District Court of New Orleans, *Buchanan, J. R. N.*, and *A. N. Ogden*, for the appellant. *T. A. Clarke*, for the defendant. The judgment of the court was pronounced by

King, J.* After the decree lately rendered by this court in this case (1 An. Rep. 375.) was returned to the lower court for execution, the parties entered into the following agreement:

" It is agreed that a survey shall be made by *Benjamin Buisson*, so as to cut off from the upper portion of the land patented to defendant the one-third thereof, which, on the survey may be found to be contained within the limits of the claim numbered 38, as confirmed to *P. A. Delachaise, George Legendre, Seaman* and *James H. Field, John M. Bach, John Lewis Drouet*, the heirs of *John Muchon*, and *Jerome Toledano*, by act of Congress, July 6th, 1842, which survey, without further formality, shall serve as the basis of the conveyance which the defendant has been adjudged to make to the plaintiff, by the decree of the Supreme Court in the above mentioned case.

(Signed)                    " John M. Bach,
                             " John Slidell."

*Buisson*, the surveyor selected by the parties, proceeded to make a survey, and return a plat exhibiting the result of his operations, in which he represented the portion of the confirmed claim No. 38, included in the entry of the defendant, to be sixty-seven *arpents*. The plaintiff objected to this survey as being erroneous, and the parties being unable to agree upon the quantity and boundaries of the land to be divided between them, the plaintiff took a rule upon the defendant to show cause why the survey made by the United States should not be taken as the basis of the conveyance to be made by *Slidell*, or a new survey be made under the order of the court, for the purpose of ascertaining the quantity and fixing the limits of the land to be conveyed. To this rule the defendant answered that, by the agreement between himself and *Bach*, a survey had been made, which was definitive between the parties, and that, in conformity therewith, he had tendered a conveyance to *Bach*. After the alleged error had been discovered, an order was entered up in the court below, on the motion of *Bach*, taxing, as costs to be paid by the defendant, $50, for the services of *Buisson*, in making the survey and plan. The judge below considered that the survey had been made according to the actual possession of the proprietors of the confirmed claim, and that *Bach* had precluded himself from contesting its correctness by his application to tax the costs of the survey to the defendant, and discharged the rule. From this judgment the plaintiff has appealed.

The defendant contends that by the agreement, the survey of *Buisson* was to be final and conclusive upon the parties, and form the basis of the transfer, without further formality. We find nothing in the terms of the agreement which made it imperative upon the parties to abide by any survey that *Buisson* might make, although it should be erroneous. Such an interpretation cannot be given to the expressions "*which survey, without further formality, shall serve as the basis of the conveyance, &c.*" The formalities referred to, and which were to be dispensed with, we understand to be those which, in the absence of an agreement, the parties would have been compelled to observe, before the survey could have been effective between them, such as an application to the court for an order to issue to the parish surveyor, the returning of the survey when completed into court, and its approval by the judge after notice to the parties. The language of the contract does not, in our opinion, authorise the conclusion, that the parties were to be precluded from correcting the operations of the surveyor,

---

* Slidell, J., recused himself, on account of relationship to one of the parties.

BACH
v.
SLIDELL.

in the event of their being erroneous. The case of *Talcott* v. *McKibben*, 2 Mart. 298, does not support the position assumed by the defendant's counsel. There the parties agreed to submit their matters of difference to five persons, whose report was to be made the judgment of the court. The court held that the parties had selected their own judges, and refused to alter the report.

Nor do we think that the motion of the plaintiff to tax his adversary with the costs of the survey alleged to be erroneous, can be considered, under the evidence, an affirmance of that survey. It is shown that, immediately upon its being discovered that the quantity of land to be conveyed was less than the plaintiff supposed himself to be entitled to, he objected to the survey, and has ever since steadily persisted in asserting it to be incorrect.

We think it is conclusively established that the survey is erroneous. An extract from the township map shows the quantity of land to be divided, according to the United States survey, to be 103 8-100 acres. The plat annexed to the application for confirmation represents the quantity to be 92 *arpents* and a fraction, and the survey of *Buisson* makes it 62 *arpents*. It is manifest that there must be error in some of the measurements. *Buisson*, in his testimony states, that his survey was made without reference to the titles, and that, from information since obtained, he is satisfied that it is incorrect. His only guide appears to have been the enclosures of *Mrs. Delachaise*, which he had not previously ascertained to be in accordance with the lines of the confirmed claim. We also think that the survey of *Zimpel*, of which the plat accompanying the application for confirmation is a copy, is incorrect. But we are not informed by this witness, nor by other testimony in the record, what are the true boundaries or quantity of the land in controversy. It was the duty of the parish surveyor to have ascertained the upper and lower boundaries of the confirmed claim, No. 38, and to have extended the side lines, which converge, until they met, or were intersected by the lines of a superior title. In ascertaining the true boundaries of the tract, if they were not admitted, he should have had recourse to the titles. C. C. arts. 839, 841. No one of the plats before us is sufficiently free from objection to enable us to adopt it as the basis of the transfer to be made by the defendant, with the prospect of doing justice between the parties.

It is therefore ordered that the judgment of the District Court be reversed, and that the cause be remanded, with instructions to the district judge to direct a survey of the land in controversy to be made according to law, for the purpose of ascertaining the quantity, and fixing the limits, of the portion to be conveyed by the defendant to the plaintiff, under the decree heretofore rendered in this cause by this court; the appellee paying the costs of this appeal.